NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 14 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

A WOMAN'S FRIEND PREGNANCY
RESOURCE CLINIC, a California
Religious Nonprofit Corporation; CRISIS
PREGNANCY CENTER OF
NORTHERN CALIFORNIA, a California
Religious Nonprofit Corporation;
ALTERNATIVE WOMEN'S CENTER,

Plaintiffs - Appellants,

v.

KAMALA HARRIS, Attorney General,
State of California,

Defendant - Appellee.

No. 15-17517

D.C. No. 2:15-cv-02122-KJM-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted June 14, 2016
San Francisco, California

Before: D.W. NELSON, TASHIMA, and OWENS, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

A Woman's Friend Pregnancy Resource Clinic, et al. (collectively A Woman's Friend) appeals from the district court's denial of their motion for a preliminary injunction to prevent the enforcement of the California Reproductive Freedom, Accountability, Comprehensive Care, and Transparency Act (the FACT Act or the Act). We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

1. The district court properly found that A Woman's Friend cannot demonstrate a likelihood of success on their First Amendment free speech or free exercise claims. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). With respect to the free speech claim, the Act regulates licensed clinics' professional speech, and is subject to intermediate scrutiny, which it survives. *See Nat'l Inst. of Family & Life Advocates (NIFLA) v. Harris*, No. 16-55249, Slip op. at 26–34 (9th. Cir. 2016). The Act's notice that applies to unlicensed clinics survives any level of review. *See id.* at 34–37. With respect to the free exercise claim, the Act is a neutral law of general applicability, which survives rational basis review. *See id.* at 37–39.

2. Because we affirm the district court's finding that A Woman's Friend cannot demonstrate a likelihood of success on their First Amendment claims, thus failing to meet the first, most important *Winter* factor, *see Garcia v. Google, Inc.*,

786 F.3d 733, 740 (9th Cir. 2015) (en banc), we need not parse their showing under the remaining *Winter* factors.[1]

**AFFIRMED.**

---

[1] We also conclude that A Woman's Friend have not raised "serious questions" going to the merits of their claims; thus, the alternate test set forth in *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011), does not apply. The district court's conclusion that there were serious questions going to the merits was harmless error because the district court appropriately denied the motion for a preliminary injunction.